# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM ROBERT DIXON,

                Petitioner,      :      Case No. 3:17-cv-363

    - vs -                         District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

EDWARD SHELDON, Warden,
  Mansfield Correctional Institution,

                                  :

                Respondent.

## TRANSFER ORDER

This is a habeas corpus case brought pro se by Petitioner William Robert Dixon to challenge his convictions in the Montgomery County Common Pleas Court for complicity to aggravated robbery, aggravated burglary, and felonious assault with a firearm specification (Petition, ECF No. 1, ¶5, PageID 1). Mr. Dixon initially filed this case in the Northern District of Ohio, but it was transferred here by District Judge James Gwin (ECF No. 5).

Upon examination of the electronic records of this Court, the Magistrate Judge finds that Dixon has previously filed habeas corpus application in this Court challenging the same conviction. In Case No. 3:11-cv-150 on recommendation of Magistrate Judge Michael Newman (ECF No. 19), District Judge Thomas Rose dismissed the Petition with prejudice; Dixon's appeal was unsuccessful. In Case No. 3:13-cv-103, the undersigned recommended dismissal because the Petition there was a second or successive habeas application with no permission to proceed from the circuit court. Judge Rose adopted that recommendation without any objection and

dismissed the case without prejudice to a refiling if circuit court approval were to be obtained (ECF No. 8). Dixon took no appeal.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") as codified at 28 U.S.C. § 2244(b), a second or successive habeas application challenging the same state court judgment cannot proceed without permission of the circuit court. Without that permission, the District Court lacks jurisdiction to consider the case. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). Mr. Dixon has presented no evidence he has permission to proceed.

When a habeas petitioner inappropriately files a second-or-successive petition in District Court, we are required to transfer the case to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).\

Accordingly, this case is hereby TRANSFERRED to the Sixth Circuit Court of Appeals for consideration under 28 U.S.C. § 2244(b).

October 16, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge